BETHUEL C. ROWELL vs. DAVID CROFOOT AND ISAAC CROFOOT JR., imp'd with ISAAC CROFOOT.

Where two Defendants, impleaded with the third, moved to change the venue as to all three Defendants, *held*, that the papers were wrongly entitled; "impleaded with" should have been left out.

If two only of the Defendants intended to move, the papers should show that a default had been obtained against the third, who was impleaded.

*September Special Term*, 1846. *Motion by Defendants to change the venue.*—The Defendants in this cause moved to change the venue from the county of Oneida to the county of Lewis.

Plaintiff's counsel objected, that the papers on which the motion was founded, did not show that a default had been entered against Isaac Crofoot, and therefore the other Defendants could not, without uniting with him, move to change the venue.

Defendants' counsel replied that he moved for *all* the Defendants.

The notice of motion was entitled as above, and signed "E. & W. Collins, Defendants' attorneys."

Plaintiff's counsel insisted that to authorise the motion to be made in behalf of Isaac Crofoot, the word "impleaded" should have been omitted in the title of the cause, in the affidavit and notice of motion.

P. CAGGER, *Defts Counsel.*     E. & W. COLLINS, *Defts Attys.*
D. WRIGHT, *Plffs Counsel.*     A. E. CHANDLER, *Plffs Atty.*

BRONSON, Chief Justice.—Held, that to authorise the motion to be made in behalf of David Crofoot and Isaac Crofoot, Jr. only, the affidavit should have shown that a *default* had been obtained against Isaac Crofoot; and that if the motion was intended to be made for *all* the Defendants, the word "impleaded" should have been omitted in the title of the affidavit and notice of motion.

Motion denied with costs.